**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000889
28-SEP-2017
08:07 AM**

NO. CAAP-15-0000889

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ONEWEST BANK, F.S.B.,
by and through its successor-in-interest,
OCWEN LOAN SERVICING, LLC,
Plaintiff-Appellant,
v.
TIMOTHY REUBEN FORSBERG; SUSAN ALLEN FORSBERG;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS
NOMINEE FOR QUICKEN LOANS INC.; CITIBANK, N.A.,
Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50 and
DOE GOVERNMENTAL UNITS 1-50,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 12-1-0143(3))


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

In this appeal arising out of a judicial foreclosure of
a property on the island of Moloka'i, Plaintiff-Appellant OneWest
Bank, F.S.B. (OneWest), through its successor-in-interest, Ocwen
Loan Servicing, LLC (OneWest/Ocwen) appeals from (1) the
February 13, 2015 Order Granting in Part and Denying in Part
Plaintiff's Non-Hearing Motion to Dismiss Without Prejudice,
Filed January 2, 2015, (2) the February 13, 2015 Order Granting
Defendants' Oral Motion to Dismiss Counterclaim Without

Prejudice, (3) the May 28, 2015 Order Granting Defendant's Non-Hearing Motion For Attorney's Fees and Costs, (4) the September 10, 2015 Order Denying Plaintiff's Rule 23(b)(i) Statement of Objections and Rule 23(b)(ii) Plaintiff's Form of its Proposed Order, and (5) the October 19, 2015 Final Judgment entered by the Circuit Court of the Second Circuit (circuit court).[1] Final Judgment was entered in favor of Defendants-Appellees Timothy Reuben Forsberg and Susan Allen Forsberg (the Forsbergs) as to OneWest's Complaint, which was dismissed by the circuit court with prejudice.

On appeal OneWest contends that the circuit court abused its discretion by dismissing OneWest's complaint with prejudice rather than without prejudice as requested, thereby converting OneWest's Hawaiʻi Rules of Civil Procedure (HRCP) Rule 41(a)(2) motion to dismiss to an HRCP Rule 41(b) dismissal.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve OneWest's points of errors as follows, and vacate and remand.

HRCP Rule 41(a)(2) provides:

(a) Voluntary dismissal: Effect thereof.
. . .

(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Whereas, HRCP Rule 41(b)(1) and (2) provide:

(b) Involuntary dismissal: Effect thereof.

(1) For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against it.

(2) For failure to prosecute or to comply with these rules or any order of the court, the court may sua sponte dismiss an action or any claim with written notice to the parties. Such dismissal may be set aside and the action or claim reinstated by order of the

---

[1] The Honorable Peter T. Cahill presided.

court for good cause shown upon motion duly filed not later than 10 days from the date of the order of dismissal.

HRCP Rule 41(a)(2) "vests in the trial court the discretion to deny the motion or grant it upon 'such terms and conditions as the court deems proper.'" Sapp v. Wong, 3 Haw. App. 509, 512, 654 P.2d 883, 885 (1982).

In Sapp, the plaintiffs filed a motion for voluntary dismissal without prejudice pursuant to HRCP Rule 41(a)(2) indicating that the plaintiffs would pursue the case in federal court. Id. at 511, 654 P.2d at 885. The trial court ultimately ordered that the case be dismissed with prejudice. Id. at 512-13, 654 P.2d at 885-86. The trial court considered the circumstances of the case and found that the defendant would be unduly prejudiced if the plaintiffs were permitted to refile the case in state court. Id. This court concluded that the trial court was permitted to order, as a condition under HRCP Rule 41(a)(2), the case to be dismissed with prejudice. However, the case was remanded to trial court to allow the plaintiffs the opportunity to withdraw their motion. Id. at 514, 654 P.2d at 887.

Federal appellate courts have held that district courts are allowed to "convert" a motion for Rule 41(a)(2)[2] dismissal without prejudice to granting it with prejudice, reasoning that courts are "authorized to do so as a condition by the 'terms and conditions' language in the statute or that the authority is implicit in the '[u]nless otherwise specified' language of the statute." Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 320 (5th Cir. 2002) (citing Gravatt v. Columbia University, 845 F.2d 54, 55 (2d Cir. 1988); Andes v. Versant Corp., 788 F.2d 1033, 1037 (4th Cir. 1986); United States v. One Tract of Real

---

[2]     Since HRCP Rule 41(a)(2) is essentially identical to FRCP Rule 41(a)(2), cases interpreting and applying FRCP Rule 41(a)(2) may be consulted for guidance in interpreting HRCP Rule 41(a)(2). Tagupa v. VIPDesk, 135 Hawaiʻi 468, 477, 353 P.3d 1010, 1019 (2015) (citing Kawamata Farms, Inc. v. United Agri Prods., 86 Hawaiʻi 214, 252, 948 P.2d 1055, 1093 (1997)(holding that authorities interpreting a federal rule of civil procedure are highly persuasive in interpreting an identical Hawaiʻi rule of civil procedure where there is an absence of case law interpreting the latter)).

Property, 95 F.3d 422, 425 (6th Cir. 1996); Marlow v. Winston & Strawn, 19 F.3d 300, 304 (7th Cir. 1994); Jaramillo v. Burkhart, 59 F.3d 78, 79 (8th Cir. 1995)). However, it is important to note that although Rule 41(a)(2) "is designed to protect non-movants from prejudice occasioned by unconditional dismissals, [Rule 41(a)(2)] is not a proper mechanism to punish non-compliance with court orders." Elbaor, 279 F.3d at 316 n.1 (5th Cir. 2002) (citations omitted)

Additionally, "[w]hile a trial court has discretion to impose terms and conditions when granting a motion for voluntary dismissal under Rule 41(a)(2), courts of Hawaiʻi and other jurisdictions [have held that the trial court must] provide the plaintiff with an opportunity to withdraw the motion to dismiss in light of the conditions imposed 'to insure that substantial justice is accorded to both parties.'" Tagupa v. VIPDesk, 135 Hawaiʻi 468, 477, 353 P.3d 1010, 1019 (2015) (citing Moniz v. Freitas, 79 Hawaiʻi 495, 500, 904 P.2d 509, 514 (1995)). Further, not affording the plaintiff an opportunity to withdraw the motion for voluntary dismissal when the trial court imposes conditions that are too onerous "is tantamount to an abuse of discretion." Tagupa, 135 Hawaiʻi at 477, 353 P.3d at 1019 (citing Sapp, 3 Haw. App. 509, 654 P.2d 883).

In this case, the circuit court proceeded to hear OneWest's Motion to Dismiss Complaint Without Prejudice at trial on OneWest's Complaint and the Forsbergs' Counterclaim. The circuit court indicated to the parties that it would be granting the motion, however it would be dismissing OneWest's Complaint with prejudice rather than without prejudice, reasoning that OneWest had not complied with the court's order regarding filing deadlines and its preparedness for trial. We conclude that the circuit court did not give OneWest an opportunity to withdraw its motion to dismiss and therefore, the circuit court abused its discretion by dismissing OneWest's Complaint with prejudice.

OneWest appealed from the February 13, 2015 Order Granting Defendants' Oral Motion to Dismiss Counterclaim Without

4

Prejudice and the May 28, 2015 Order Granting Defendant's Non-Hearing Motion for Attorney's Fees and Costs. OneWest does not provide any arguments regarding these issues. Further, these issues were not included in OneWest's points of error. Because OneWest did not present any discernible argument on these points, these issues are deemed waived and will not be addressed further. Kakinami v. Kakinami, 127 Hawai'i 126, 144 n.16, 276 P.3d 695, 713 n.16 (2012) (citing In re Guardianship of Carlsmith, 113 Hawai'i 236, 246, 151 P.3d 717, 727 (2007) (noting that this court may "disregard a particular contention if the appellant makes no discernible argument in support of that position") (internal quotation marks and brackets omitted)).

For the foregoing reasons, we vacate the (1) February 13, 2015 Order Granting in Part and Denying in Part Plaintiff's Non-Hearing Motion to Dismiss Without Prejudice, Filed January 2, 2015, (2) September 10, 2015 Order Denying Plaintiff's Rule 23(b)(i) Statement of Objections and Rule 23(b)(ii) Plaintiff's Form of its Proposed Order, and (3) October 19, 2015 Final Judgment, only as to the dismissal of OneWest's Complaint filed on February 13, 2012 with prejudice and the denial of OneWest's Rule 23(b)(i) Statement of Objections and Rule 23(b)(ii) Form of its Proposed Order. This case is remanded to the circuit court for further proceedings consistent with this Order.

DATED: Honolulu, Hawai'i, September 28, 2017.

On the briefs:

Robert E. Chapman,
Steven T. Iwamura,
and Mary Martin,
(Clay Chapman Iwamura Pulice &
Nervell),
for Plaintiff-Appellant.

Michael J. Collins,
(Cain & Herren, ALC),
for Defendants-Appellees.

Presiding Judge

Associate Judge

Associate Judge

5